Per Curiam.

The defendant, tried upon an indictment charging murder of his wife by strangulation, offered medical evidence of her death by asphyxia due to convulsions following drug overdose. Two writings in the form of diary entries in the decedent’s handwriting and indicating the husband’s involvement with an employee in an extramarital affair were received in evidence when offered by the prosecutor as “ most important to show the frame of mind of the deceased and the frame of mind of the defendant and his motive in perpetrating the act”. The evidence was clear hearsay and within none of the recognized exceptions to the exclusionary rule. If there were other evidence in the case rendering proper the People’s tender of hearsay proof of the decedent’s “ frame of mind ”— and there is none — even so, the notes would not be admissible as proof of their contents, with respect to the supposed affair and to defendant’s frame of mind or, more specifically, “ his motive in perpetrating the act”, which occurred, incidentally, some 10 weeks after the date of the later of the two notes.
The error was compounded when the court, in the course of its charge to the jury, referred to these exhibits without limiting, or, indeed, indicating, the purpose of their reception, this, after the prosecutor, in summation, had said that they made “ perfectly clear the defendant’s motive in seeing his wife dead”.
In such a setting we find unavailing the People’s contentions, advanced on appeal, that the notes were competent to prove the cause of the violent quarrel — whether instigated by the husband or the wife—which resulted in the wife’s death; and that at worst the reception of the hearsay evidence was harmless error. The first ground asserted is purely conjectural; the second untenable under the authorities governing cases such as this, in which, despite the strength of the People’s case, the cause of death remained debatable. The relevant inquiry, of course, is whether the erroneous admission of the writings in this case was within the definition of ‘ ‘ technical errors * * * which do not affect the substantial rights of the parties ” (Code Crim. Pro., § 542; now GPL 470.05, subd. 1). The erroneous admission of evidence cannot be accounted harmless when there exists “ a reasonable possibility that the evidence complained of might have contributed to the conviction ” (Fahy v. Connecticut, 375 U. S. 85, 86-87) and cannot be disregarded as merely technical “ upon the hypothesis that, in any event, the jury correctly *764 decided the case ” (People v. Mleczko, 298 N. Y. 153, 162). The test, of course, is whether “ it was harmless beyond a reasonable doubt ” (People v. McKinney, 24 N Y 2d 180, 185) and “ [tjhis court is exceeding slow to disregard error as harmless under section 542 ” (People v. Rosario, 9 N Y 2d 286, 291, cert. den. 368 U. S. 866).
The order of the Appellate Division should be reversed and a new trial directed.
Chief Judge Fuld and Judges Bergan, Breitel, Jasen and Gibson concur in opinion Per Curiam; Judge Burke dissents and votes to affirm; Judge Scileppi taking no part.
Order reversed and a new trial ordered.